```
CLERK'S OFFICE
AT ROANOKE, VA
FILED
MAR 28 2006
JOHN F CORCORAN, CLERK
BY
    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEREK R. JACKSON, JR.<br>Plaintiff, | )<br>)  Civil Action No. 7:06CV00167<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| TRACY S. RAY,<br>Defendant. | )  By: Hon. Glen E. Conrad<br>)  United States District Judge |

The plaintiff, Derek R. Jackson, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

## BACKGROUND

The plaintiff is presently incarcerated at Red Onion State Prison. The plaintiff alleges that he has been unjustly confined in segregation since September 13, 2005. The plaintiff further alleges that the defendant, Tracy S. Ray, approved his housing assignment on three separate occasions. The plaintiff seeks to recover monetary damages for mental and emotional distress.

## DISCUSSION

To the extent that the plaintiff alleges that his placement in segregation violated his federal due process rights, the plaintiff's allegations are without merit. A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed the plaintiff's complaint, the court concludes that the plaintiff has failed to allege facts sufficient to establish that his length of confinement in segregation, or that his conditions of confinement in segregation, pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions). Therefore, because the plaintiff does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections.

To the extent that the plaintiff's allegations can be construed to assert a living conditions claim under the Eighth Amendment, such a claim is also without merit. The Eighth Amendment protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. While being confined in

2

segregation may be restrictive and inconvenient, the plaintiff does not alleges that he has suffered a serious mental or physical injury as a result of his conditions of confinement in segregation, and there is no indication that the conditions pose an unreasonable risk of serious harm. The plaintiff's assertion that he has suffered "mental and emotional distress" as a result of being housed in segregation simply fails to state a claim of constitutional magnitude. As the United States Court of Appeals for the Fourth Circuit explained in <u>Mickle v. Moore</u>, 174 F.3d 464, 472 (4th Cir. 1999), "[d]epression and anxiety are unfortunate concomitants of incarceration; they do not however, typically constitute the 'extreme deprivations ... required to make out a conditions-of-confinement claim.'" (quoting <u>Hudson v. McMillian</u>, 503 U.S. 1, 8-9 (1992)).

For the reasons stated, the court concludes that the plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the court will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 28th day of March, 2006.

_____
United States District Judge